14 P.2d 362

## BARROWS v. MUTUAL LIFE INS. CO. OF NEW YORK.

### No. 4795.

Supreme Court of New Mexico.

March 23, 1944.

Seth & Montgomery, of Santa Fe, for appellant.

Carl H. Gilbert, of Santa Fe, for appellee.

BICKLEY, Justice.

This appeal involves a suit to recover on the disability provisions of an insurance policy written by appellant. It was tried by the court, without a jury, and judgment entered in favor of plaintiff, appellee. The parties herein will usually be designated as plaintiff and defendant.

The policy contained a provision as follows:

"Total Disability:—Disability shall be considered total when there is any impairment of mind or body which continuously renders it impossible for the Insured to follow a gainful occupation."

It is an uncontroverted fact that plaintiff in 1929 became totally disabled in that she suffered a physical bodily impairment which rendered it impossible for her to follow a gainful occupation. The defendant accepted proofs of disability and commenced the payment of disability benefits on May 5, 1930, and continued with such payments until March 5, 1942, but since that time has failed and refused to make further payments.

The court found:

"That after the issuance of said policy to the plaintiff, as aforesaid, and while no premiums on said policy were in default, and all thereof which had .fallen due had been paid and while the plaintiff was less than sixty years of age, during and about the year 1929, the plaintiff contracted tuberculosis in her lungs and that thereafter in the year 1930, and as a result thereof, and of the physical bodily impairment caused thereby, the plaintiff became totally and permanently disabled in that said bodily impairment rendered it impossible for her to follow a gainful occupation.

"That at all times since first becoming totally and permanently disabled, as aforesaid, the plaintiff continually has been and still is totally and permanently disabled in that she has continuously suffered and still does continually suffer from a physical bodily impairment which has and still does continuously render it impossible for the plaintiff to follow any gainful occupation or to do substantially all of the material acts necessary to the conduct of the occupation of a housewife."

The court also found:

"The pulmonary tuberculosis, with which plaintiff was suffering, became inactive or arrested about the year 1937 and the said pulmonary tuberculosis, of itself, has not totally disabled plaintiff since that date."

Appellant (defendant) assigns the following errors:

"1. The District Court erred in refusing to hold that under the terms of the policy involved and the allegations of the complaint plaintiff was required to show some definite impairment of body which continuously rendered it impossible for plaintiff to follow a gainful occupation.

"2. The District Court erred in holding that plaintiff was totally and permanently disabled within the meaning of the policy on and subsequent to March 5, 1942, since any holding could only be based on the conjectures and speculation of plaintiff's witnesses."

It is the contention of appellant that by its findings heretofore quoted the court manifestly did not mean that the pulmonary tuberculosis continued as the physical bodily impairment causing disability, and

that there is no substantial evidence to show that with this elimination there is a physical bodily impairment.

Appellant is mistaken.

█ Upon the plaintiff rested the burden of proving disability. That this burden was discharged is not controverted. She had the further burden of proving that the disability was caused by "impairment of mind or body."

█ The court found that plaintiff discharged this burden notwithstanding the primary cause of the disability in its initial stages had become inactive or arrested.

Satisfactory medical expert testimony is to the effect that the cause of pulmonary tuberculosis, though arrested, may carry in its wake the origin of other impairment of bodily organs and functions. This may not invariably be susceptible of exact proof during life and may have to await an autopsy, but opinion evidence supported by circumstantial evidence in the case at bar is sufficient to support this conclusion.

Opinion evidence in the case at bar is that plaintiff at the time of the trial was still suffering from a tubercular infection of some portion of the body.

After the primary tuberculosis had been arrested, that is to say, after her physician, Dr. Mera, a witness, who had been treating plaintiff for years, could no longer find any more signs of trouble in the lung, either by examination or X-ray, her symptoms persisted and she still ran a temperature, still had exhaustion and loss of weight, and in 1937 she had a distinct attack of pleurisy with a definite pleuritic rub.

The witness stated that pleurisy, unless found to arise from some other origin, is practically always tubercular, and that in the present case, in his opinion, it was so. The witness said:

"While I cannot give any definite signs now, it seems the only reasonable explanation is that there is a tubercular focus somewhere."

The witness explained that by a tubercular focus he meant that there was a tuberculous infection of some portion of the body.

It seems unnecessary to engage in an extensive recital of the testimony, which, aside from the testimony of the plaintiff and her husband, was largely opinion evidence of medical men. It is sufficient to say that we have studiously read the record and conclude that the finding assailed is supported by substantial evidence.

█ The trial court had the advantage of observing the physical appearance of the plaintiff. This falls within the field of "Demonstrative Evidence" and is not to be ignored. Abbott in his work on Mode of Proving Facts says:

"If the physical condition of a party is material, he has a right, when giving his testimony as to it, to exhibit it to the jury."

While the burden was on the plaintiff to establish that the disability was due to im-

pairment of her body, we doubt the correctness of appellant's contention that the underlying cause of the bodily impairment must be established by definite proof. Disability caused by bodily impairment is the paramount issue. This issue was correctly resolved in favor of plaintiff. If the plaintiff was under the further burden of discovering the underlying cause, this burden too was discharged by the production of circumstantial and opinion evidence.

Wigmore asserts that on occasion the effect may furnish some proof of a cause. For instance in Sec. 123, "Principles of Judicial Proof" he says:

"That the falling barometer indicates the existence of an atmospheric disturbance; that the derailed car indicates the prior occurrence of a collision or other destructive event,—these are instances of inferences from effect back to the existence of a cause."

It would not be difficult to maintain that physical disability carries an inference of physical bodily impairment.

Passing through a forest we see a tree which has the appearance of having been torn and mangled in a catastrophic manner. We say at once, with assurance: "That tree has been struck by lightning." We were not there when the event occurred and no witness seeing the event had related the fact to us; yet experience with such knowledge as we have of the forces of nature produces conviction that this tree has been struck by lightning. Such is the force of circumstantial evidence which in many situations comes to the aid of the fact finder. In other words, as Wigmore in his text, supra, says at Sec. 132:

"Stated in its broadest form, the notion of cause and effect is merely that of invariable sequence."

We mention these principles, not because they are needed to support the assailed finding, but to show that the burden of evidence upon the plaintiff was a light one.

The presumption of continuance of a physical bodily condition, once established, also comes to the aid of the court's finding. In addition to these considerations the direct evidence substantially shows that the condition continued although an initial cause thereof may have discontinued.

The judgment must be affirmed.

It is so ordered.

SADLER, C. J., and MABRY, BRICE, and THREET, JJ., concur.